PATRICK E. HIGGINBOTHAM, Circuit Judge,
concurring in part and concurring in the judgment:
I concur on the ground that the Louisiana Supreme Court distinguishes between reporting covenants in “claims-made-and-reported” policies and notice conditions in “occurrence” policies, enforcing the former against Direct Action plaintiffs, but not the latter.[1] I see no need to defend this distinction to affirm, and do not join the majority’s attempt to do so.[2]
*1178 I pause only to note that the majority’s reliance on our decision in Resolution Trust Corp. v. Ayo[3] is misplaced. In Ayo, we recognized that under Louisiana law, “[a]n insurer may not raise the nonprejudicial failure of its insured to give notice of accident or suit as a valid defense to claims of injured third parties,” observing that “the policy terms do not control the scope and nature of the injured third party’s rights.”[4] However, we suggested that this principle applies only to “prejudice-preventing” notice clauses, which require the insured to timely notify the insurer of a claim asserted against the insured within the policy period,[5] We determined that the principle does not apply to “claim-triggering” notice clauses, which allow an insured to obtain coverage for a claim asserted outside of the policy period if the insured timely notifies the insurer of the “act, error or omission which ... give[s] rise to [that] claim.”[6] Because this latter type of notice clause is best viewed as going to the definition of what constitutes a timely “claim” within the meaning of the policy,[7] we reasoned that an insured’s failure to provide the requisite notice barred recovery by a Direct Action plaintiff who asserted its claim outside of the policy period,[8]
Here, it is undisputed that First American asserted a claim against the insureds within the policy period,[9] and the only question is whether the insureds’ failure to notify Continental of the timely claim bars First American from recovering in its Direct Action suit. The claim-triggering notice condition in the policy is thus simply not at issue,[10] and if anything, Ayo sug *1179 gests that First American should succeed.[11] However, as Ayo predates applicable Louisiana Supreme Court precedent, it does not dissuade me from joining in the majority’s judgment.

. Compare Hood v. Cotter, 5 So.3d 819, 830 (La.2008) ("[W]e do not interpret [the Direct Action Statute] as prohibiting the claims-made policy provision that makes coverage dependent upon a claim being first made and reported during the policy period.” (emphasis added)), with West v. Monroe Bakery, 217 La. 189, 46 So.2d 122, 126 (1950) ("[T]he words 'terms and limits of the policy’ [in the Direct Action Statute] were not intended to include the requirement of notice, but refer[ ] only to ... those ... conditions with which it was within the power of the plaintiff to comply.”); see also 3-20 Appleman on Insurance Law and Practice § 20.01 [7] (Matthew Bender ed., 2012) ("A few jurisdictions distinguish between claims-made policies and a variant known as a ‘claims-made-and-reported’ policy. Under claims-made-and-reported policies, the insured’s duty to provide notice is part of the insuring agreement; that is, providing notice to the insurer is a contractual covenant of the insured and not, as with occurrence-based or claims-made coverage, a mere condition to coverage. Thus, in claims-made-and-reported policies, coverage is triggered only where the third-party claim is asserted against the policyholder during the policy period and the policyholder notifies the carrier of the claim during the policy period.”).

. The majority observes that notice requirements in claims-made-and-reported policies are phrased as "conditions precedent” to recovery, and that reading such conditions out of the contract would "expand the scope of the bargained-for policy limits." But the same is true for notice conditions in occurrence policies. For example, in West, the occurrence policy provided that "written notice shall be given by ... the insured to the company ... as soon as practicable” and that "no action shall lie against the company unless, as a condition precedent thereto, the insured *1178 shall have fully complied with all the terms of this policy.” 46 So.2d at 127. Nevertheless, the Louisiana Supreme Court held that the Direct Action Statute knocked the notice condition out of the contract, reasoning that "the injured party [rarely has] knowledge as to who may be the insurer of the party responsible for his injuries.” Id. at 126. As several Louisiana appellate courts have recognized, this remedial logic applies with equal force to reporting requirements in claims-made-and-reported policies. See Murray v. City of Bunkie, 686 So.2d 45, 47, 50 (La.App.1996); Williams v. Lemaire, 655 So.2d 765, 767-68 (La.App.1995).

. 31 F.3d 285 (5th Cir.1994).

. Id. at 292 (emphasis added).

. Id. at 292-93.

. Id. at 292; see also 3-20 Appleman on Insurance Law and Practice § 20.01 [7][d] (Matthew Bender ed., 2012) ("Virtually all claims-made and claims-made-and-reported policies contain a mechanism known as the ‘notice of circumstance’ or ‘notice of potential claim' provision.... If the circumstances prompting the notice of potential claim later give rise to an actual claim against the insured, it will be deemed to fall within the policy period in which the notice of potential claim was provided to the insurer.”).

. See Ayo, 31 F.3d at 292 (observing that a claim-triggering notice clause has the effect of "turn[ing] potential future claims, which could be made outside the policy’s coverage, into actual claims made during the policy’s term.”).

. See id. at 293 ("[T]he rights of the injured party under claims-made policies ... do not vest at the time of the injury, but at the time a claim is made. ‘Potential claims’ are not covered by the ... [claims-made policy] unless [the insurer] had in fact received objective notice of those potential claims [through the insured’s compliance with the claim-triggering notice provision].”).

. The policy defines the term "claim” without reference to whether the insurer receives notice, providing that a "claim” occurs when the insured receives "a demand ... for money or services arising out of an act or omission, including personal injury, in the rendering or failure to render legal services.”

. Like the claims-made policy in Ayo, the policy at issue here contains both a prejudice-preventing notice clause (“The Insured, as a condition precedent to the obligations of the Company under this Policy, shall immediately give written notice to the Company during the *1179 policy period of any claim made against the Insured”) and a claim-triggering notice clause ("If during the policy period the Insured shall become aware of any act or omission that may reasonably be expected to be the basis of a claim against the Insured and gives written notice to the company ... then any such claim that is subsequently made against the Insured ... shall be deemed to have been made at the time such written notice was given to the Company"). Cf. Ayo, 31 F.3d at 292 ("This claim-triggering notice, i.e., the notice provision in 6(a), serves a very different function than the prejudice-preventing notice required under clause 6(b).”); cf. also id. at 288-89 (setting forth language of clauses 6(a) and 6(b)). But since it is undisputed that First American timely asserted its claim against the insureds, only the prejudice-preventing notice clause is possibly at issue.

. See 31 F.3d at 292-93; see also Murray, 686 So.2d at 50 (refusing to enforce reporting requirement in claims-made-and-reported policy against a Direct Action plaintiff, noting that “we see no meaningful distinction between ... failure to give notice under an occurrence policy and ... failure to give notice under a ‘claims made’ policy."); Williams, 655 So.2d at 768 (same).